IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAUL LEIVA, | No. C 15-1737 WHA (PR) |
| Petitioner, | **ORDER OF DISMISSAL** |
| v. | |
| M.E. SPEARMAN, | (Docket No. 3) |
| Respondent. | |

**INTRODUCTION**

Petitioner, a California prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254. The petition challenges the denial of parole by the California Board of Parole Hearings ("Board"). Petitioner has paid the filing fee.

**ANALYSIS**

**A.  STANDARD OF REVIEW**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of

the Rules Governing Section 2254 Cases, 28 U.S.C. foll. 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

B.   **LEGAL CLAIMS**

Petitioner's first three claims assert that the Board's decision was not supported by sufficient evidence of his current dangerousness or unsuitability. For purposes of federal habeas review, a California prisoner is entitled to only "minimal" procedural protections in connection with a parole suitability determination. *Swarthout v Cooke*, 131 S.Ct. 859, 863 (2011). The procedural protections to which the prisoner is entitled under the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution are limited to an opportunity to be heard and a statement of the reasons why parole was denied. *Id.* at 862. The constitution does not require more. *Ibid.* The court in *Swarthout* explained that no Supreme Court case "supports converting California's 'some evidence' rule into a substantive federal requirement." *Ibid.* It is simply irrelevant in federal habeas review "whether California's 'some evidence' rule of judicial review (a procedure beyond what the Constitution demands) was correctly applied." *Id.* at 863. As the Supreme Court has determined that due process does not require that there be any amount of evidence to support the parole denial, petitioner's claim that the denial of parole was supported by no evidence fails to establish grounds for habeas relief.

In his fourth claim, petitioner contends that he did not have an opportunity to be heard. He does not dispute that he was allowed to speak and present mitigating evidence at the parole hearing, however. He argues that he was not "heard" because the Board "disregarded" evidence of his participation in self-help courses, did not conduct a re-evaluation by a psychologist after Petitioner was found guilty of violating prison rules, and relied on immutable factors such as the nature of his commitment offense and social history. These arguments simply reiterate the other claims there was insufficient evidence of his current dangerousness or unsuitability. These arguments, if proven, would not establish that he did not have the opportunity to be heard by the Board, only that, after hearing him, the Board did not come to the conclusion that

petitioner wanted. Petitioner's fourth claim is, accordingly, denied.

In his fifth claim, petitioner claims that the Board violated his rights under the Ex Post Facto Clause by applying Proposition 9, the "Victims' Bill of Rights Act of 2008: Marsy's Law," to him. That argument has been rejected by the Ninth Circuit. *See Gilman v. Schwarzenegger*, 638 F.3d 1101, 1105 (9th Cir. 2011).

**CONCLUSION**

In light of the foregoing, the petition for a writ of habeas corpus is **DISMISSED**.

Rule 11(a) of the Rules Governing Section 2254 Cases now requires a district court to rule on whether a petitioner is entitled to a certificate of appealability in the same order in which the petition is dismissed. Petitioner has failed to make a substantial showing that a reasonable jurist would find this court's denial of his claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Consequently, no certificate of appealability is warranted in this case.

As petitioner has paid the filing fee, his application to proceed in forma pauperis (dkt. 3) is **DENIED** as unnecessary.

The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: June   1   , 2015.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE